```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREGORY ANDERSON,

                        Plaintiff,
                                                         ORDER
          - against -                              06-CV-5726 (RRM) (RER)

THE CITY OF NEW YORK, et al.,

                        Defendants.
------------------------------------------------------------------X
```
MAUSKOPF, United States District Judge.

Plaintiff Gregory Anderson brought this action against defendants the City of New York (the "City"); James C. Dean ("Dean"), individually and in his official capacity as Inspector and former Commanding Officer of the Emergency Services Unit ("ESU"); Michael O'Keefe ("O'Keefe"), individually and in his official capacity as Retired Sergeant of Emergency Services Squad Two ("Truck Two"); Juan White ("White"), individually and in his official capacity as Sergeant of Emergency Services Squad Four ("Truck Four"); and Kevin Diamond ("Diamond"), individually and in his official capacity as Detective of Truck Four.[1]  Anderson alleged that defendants unlawfully discriminated against him on the basis of race, retaliated against him for reporting the discrimination, and created and maintained a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1983 ("§ 1983"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights law, N.Y. City Admin. Code § 8-101 *et seq.* (NYCHRL").

By motion filed September 4, 2009, defendants moved for summary judgment.  (Defs.' Mot. for Summ. J. ("Defs.' Mot.") (Doc. No. 41).)  By order entered November 4, 2009, this Court referred that motion to the assigned Magistrate Judge, the Honorable Ramon Reyes, for a Report

---

[1] As noted in Judge Reyes' R&R, Anderson has withdrawn his claims against Detective James Ludvick, Detective William Madigan, Police Commissioner Raymond R. Kelly, and OEEO Deputy Commissioner Neldra M. Zeigler. (Pl.'s Mem. in Opposition to Defs.' Mot. for Summ. J ("Pl.'s Mem.") (Doc. No. 40) at 19.)

and Recommendation ("R&R"). On March 26, 2010, Judge Reyes issued an R&R recommending that defendants' motion be granted in part and denied in part. (Doc. No. 43.) On April 9, 2010, defendants City and Dean filed timely objections. (Doc. No. 44.) On April 21, 2010, plaintiff responded thereto. (Doc. No. 46.) For the reasons that follow, Judge Reyes' recommendations are adopted in part and rejected in part.

## STANDARD OF REVIEW

When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to a Report and Recommendation, "the court is required to conduct a *de novo* review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Objections must be specific and clearly aimed at particular findings in the magistrate's proposal. *See Camardo v. Gen. Motors-Hourly Rate Emps. Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). To the extent that a party's objections merely reiterate arguments set forth in the original petition or "attempt to engage the district court in rehashing" them, the Court will review the report only for clear error. *See, e.g., DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

The Court has reviewed *de novo* all portions of the R&R to which the parties concretely object, and has reviewed the remainder of the objections for clear error. In the interest of brevity, the Court will not repeat the factual and procedural background of plaintiff's complaints but will simply refer the parties to the R&R, which accurately and thoroughly sets out the relevant facts underlying the instant motion. (R&R at 2–8.)

## DISCUSSION

I.     **Title VII Claims**

As a threshold matter, Title VII requires that a plaintiff file a charge with the Equal Employment Opportunity Commission ("EEOC") within three hundred days of an alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Because Anderson filed his charge with the EEOC on April 26, 2000, all allegedly discriminatory acts occurring before June 30, 2005 are time-barred for the purposes of Title VII. Therefore, the sole qualifying event for Anderson's Title VII discrimination, hostile work environment, and retaliation claims is his August 2005 involuntary transfer from the ESU to the 113th Precinct.

**A. Anderson's Title VII discrimination and hostile work environment claims are dismissed.**

Plaintiff first objects to Judge Reyes' dismissal of his discrimination claim against the City under Title VII, which he argues should be preserved under a theory of disparate treatment. (Pl.'s Obj. at 8–9.) This objection merely reiterates the arguments in Anderson's previous petitions, and thus merits review only for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court GRANTS summary judgment for defendants as to plaintiff's Title VII claim against the City.

Second, Anderson objects to the dismissal of his Title VII hostile work environment claim against the City. Though the only timely incident is Anderson's August 2005 transfer, the time-barred incidents of discrimination that Anderson alleges may be used as "background evidence in support of a timely claim." *Nat'l R.R. Corp. v. Morgan*, 536 U.S. 101, 113 (2002).[2] Relying on

---

[2] Though time-barred incidents may be considered as background evidence, discrete acts such as job transfers constitute separate employment practices and are not actionable if time-barred. *Morgan*, 536 U.S. at 113; *Sundaram v. Brookhaven Nat'l Labs*, 424 F. Supp. 2d 545, 560 (E.D.N.Y. 2006) (listing job transfers as discrete acts). Therefore, Anderson's two previous involuntary transfers (in April, 2003, and May, 2005) may not be considered, though the other discriminatory acts he alleges may be.

*Morgan*, plaintiff argues at length that his transfer out of the ESU was sufficiently related to discriminatory acts occurring outside of the statutory period so as to form the basis of a hostile work environment claim under a continuing violation theory. (Pl.'s Obj. at 9–12.).

The Court finds that plaintiff has failed to introduce any evidence that his transfer was part of a "single unlawful employment practice," as is required to show that time-barred and non-time-barred acts collectively constitute a hostile work environment. *See Morgan*, 536 U.S. at 117. Anderson's viable time-barred allegations consist of sporadic, discriminatory actions, taken by different co-workers and supervisors at different trucks. These types of differences "preclude invocation of the continuing violation doctrine." *Little v. Nat'l Broadcasting Co., Inc.*, 210 F. Supp. 2d 330, 368 (S.D.N.Y. 2002). A plaintiff may not "resurrect stale claims by stating that dissimilar acts are related," for to do so would transform the continuing violation doctrine into "a boundless exception to the statute of limitations." *Crosland v. City of New York*, 140 F. Supp. 2d 300, 308 (S.D.N.Y. 2001). Accordingly, summary judgment is GRANTED with respect to plaintiff's hostile work environment claim against the City.

### B. Anderson's retaliation claim against the City under Title VII is preserved.

Defendants object to Judge Reyes' recommendation that plaintiff's retaliation claim under Title VII be preserved for trial. (Defs.' Obj. (Doc. No. 44) at 4–7.) Defendants argue first that Anderson has not established a prima facie case of retaliation. (*Id.*) Further, defendants object that even if Anderson has established a prima facie case of retaliation, he has failed to demonstrate that defendants' non-discriminatory reasons for Anderson's 2005 transfer to the 113th Precinct were pretextual. (*Id.* at 5–8.) Defendants' objections are unavailing, however, as they merely reiterate at greater length the arguments on retaliation in defendants' motion for summary judgment. (Defs.' Mot. at 22–25.) Once again, this type of objection merits only clear error review, and having found none, this Court DENIES summary judgment as to plaintiff's Title VII retaliation claim.

4

**II.     42 U.S.C. § § 1981 and 1983 claims**

As a threshold matter, the Court notes that courts resolve Section 1981 claims under Section 1983 standards. *See Booker v. Bd. Of Educ.*, 238 F. Supp. 2d 469, 475 (N.D.N.Y.) (noting that § 1981 and § 1983 claims "merge into one another" and are "considered as a single claim"). Therefore, a separate § 1981 analysis is not required, and the Court will may consider plaintiff's § 1981 claims only pursuant to § 1983. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989) (holding that § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1983 when the claim is pressed against a state actor"); *Whaley v. City Univ. of New York*, 555 F. Supp. 2d 381, 400 (S.D.N.Y. 2008) ("To the extent [plaintiff] seeks to vindicate any independent rights under 42 U.S.C. § 1981, he must do so via claims under § 1983.").

### A. Anderson's § § 1981 and § 1983 claims against the City are dismissed.

In plaintiff's original memorandum in opposition to summary judgment, he did not articulate § 1983 claims specifically against the City. Rather, he directed claims at the individual defendants in their official capacities. (Pls.' Mem. In Opp'n to Summ. J. (Doc. No. 40)). Judge Reyes correctly observed, however, that suits against municipal employees in their official capacities are "tantamount to claims against the municipality itself." *Dwares v. City of New York*, 985 F. 2d 94, 100 (2d Cir. 1993). Therefore, he addressed (and ultimately dismissed) those claims in the R&R. (R&R at 18–20.) Plaintiff now objects to Judge Reyes' dismissal of his § § 1981 and 1983 discrimination, hostile work environment, and retaliation claims against the City, claiming that he has presented sufficient evidence to show that the City has engaged in a "policy or practice of discrimination against African-Americans and other minorities in the ESU." (Pl.'s Obj. at 12.)

To establish a claim under § 1983 against a municipality or a municipal employee acting in his official capacity, a plaintiff must show that the "challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. Cnty. Of Oneida, N.Y.*, 375 F. 3d 206, 226 (2d Cir. 2004)

5

(citing *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 692-94 (1978)). The policy or custom need not be an explicit regulation or rule. *Id*. Rather, it is sufficient that a plaintiff shows that a discriminatory practice of municipal officials was so "persistent or widespread" as to constitute a "custom or usage with the force of law." *Id*. Alternatively, a plaintiff may make out a claim by showing that a discriminatory practice of subordinates is so obvious that it indicates "the constructive acquiescence of senior policy-making officials." *Id*. (quoting *Sorlucco v. New York City Police Dep't*, 971 F. 2d 864, 871 (2d Cir. 1991)). Finally, a policy or practice may be inferred where "the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *Id*. (quoting *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996)). The discriminatory conduct must have been intentional, not merely negligent, and liability cannot be premised on a *respondeat superior* theory. *Id.*, at 226.

As Judge Reyes explains in his R&R, the record is bereft of any evidence of the official policy or practice of discrimination that Anderson alleges. (R&R at 19–20.) Anderson asserts in general terms that the defendants had a policy of excluding minorities from its elite units, but provides no evidence to support that claim except for his affidavit and the affidavit of retired NYPD officer Eric Josey. Anderson insists that these affidavits are sufficient to establish a policy or practice of discrimination. (Pl.'s Obj. at 15.) He argues at some length, relying on a "factually similar" case from the Second Circuit, that a plaintiff's reliance on incidents he did not personally experience but instead described through affidavits does not render those affidavits insufficient for the purposes of making out a policy or practice under *Monell*. (Pl.'s Obj. at 12–15 (discussing *Shwapp v. Town of Avon, et al*, 118 F.3d 106 (2d Cir. 1997).)

Anderson's reliance on *Schwapp* is misplaced. In *Schwapp*, the Second Circuit held that in the context of Title VII employment discrimination claims, a district court, considering the totality of the circumstances at the summary judgment stage, may take into account racially discriminatory

6

incidents not personally experienced by a plaintiff. *Schwapp*, 118 F. 3d at 11–12. Judge Reyes did not reject the Anderson and Josey affidavits as insufficient because they described incidents that the plaintiff did not personally experience. Rather, he rejected them because they provided no evidence of an official policy or practice of the N.Y.P.D as required to make out a § 1983 claim under *Monell*. (R&R at 19–20.) The sufficiency of affidavits under Federal Rule of Civil Procedure 56(e) is an issue that is distinct from the existence of an official policy or practice of discrimination by a municipal employer, a point which the *Schwapp* court itself emphasized. *Schwapp*, 118 F. 3d at 112 (2d Cir. 1997) (noting that while plaintiff successfully established that his affidavits were sufficient for Title VII hostile work environment purposes, his "mere referencing" of a § 1983 claim "does not constitute an argument [for that claim] on appeal"). While Anderson argues persuasively (if irrelevantly) about the former, he does not raise a triable issue of fact as to the latter. Accordingly, summary judgment as to plaintiff's § 1983 claims against the City is GRANTED.

**B. Anderson's § § 1981 and 1983 claims against individual defendants O'Keefe, White, and Diamond are dismissed**.

Because no party objected to Judge Reyes' dismissal of Anderson's § 1981 and § 1983 claims against individual defendants O'Keefe, White, and Diamond, this Court reviews those recommendations only for clear error. *See Bouzzi*, 841 F. Supp. 2d at 638. Having found none, this Court GRANTS summary judgment with respect to the aforementioned claims.

**C. Anderson's § 1983 retaliation claim against Dean in his individual capacity is preserved**.

As explained in Part I.B of this Order, defendants object to the preservation of all of Anderson's retaliation claims, including his retaliation claim against Dean under § 1983. Anderson's retaliation claim under § 1983 survives for the same reasons as did his Title VII claim. First, defendants' objections are mere restatements of the arguments they made in their motion for

7

summary judgment. (Defs.' Mot. at 22–25.) As such, they warrant only clear error review. Anderson's § 1983 retaliation claim against Dean is substantially similar in structure and substance as his Title VII retaliation claim. Judge Reyes' preserves both for trial, and finding no clear error in that recommendation, this Court finds that summary judgment as to Anderson's § 1983 claim against Dean is DENIED.

### III. NYSHRL and NYCHRL claims

The fate of plaintiff's claims against the City under NYSHRL and NYCHRL depends on whether plaintiff was required, under New York General Municipal Law § 50-e ("§ 50-e"), to file a notice of claim within 90 days after the claim arose. Judge Reyes, while noting disagreement among the New York courts as to whether § 50-e applies to employment discrimination claims, concludes that it does. (R&R at 17–18.) Therefore, he finds that Anderson's failure to file a notice of claim under §50-e necessitates the dismissal of his state and city law claims against the City. (*Id.*)

Anderson objects that the weight of authority within the Second Circuit holds that § 50-e applies only to tort claims, and thus does not bar employment discrimination claims brought under NYSHRL or NYCHRL. (Pl.'s Obj. at 1–8.) This Court, upon a *de novo* review of this issue, aligns itself with the line of cases holding that § 50-e applies only to tort claims and declines to adopt this portion of the R&R.

**A. Section 50-e does not apply to employment discrimination claims.**

Section 50-e(1)(a) of New York General Municipal Law provides that "in any case *founded upon tort* where notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, or any officer, appointee, or employee thereof, the notice of claim shall comply with and be served with in accordance with the provisions of this section within ninety days after the claim arises." New York Gen. Mun. Law § 50-e(1)(a)

8

(emphasis added). Some courts have held that this notice of claim requirement extends to employment discrimination claims, despite the fact that on its face, the statute only applies to tort claims. *See Cody v. County of Nassau*, 577 F. Supp. 2d 623, 647 (E.D.N.Y. 2008) ("Recent cases within the Eastern District of New York . . . have repeatedly held that . . . the notice requirements of Section 50-e [are] applicable to claims brought pursuant to Section 296."). However, many of the cases that have found § 50-e applicable to employment discrimination claims brought under NYSHRL address claims for which an independent statute with broader application specifically incorporates the notice of claim requirements found in § 50-e. For example, in *Cody*, Judge Boyle found that an employment discrimination claim against a county was subject to § 50-e notice of claim requirements because New York County Law § 52, which applies to a far broader class of claims than § 50-e, expressly incorporates the notice requirements of that statute.[3] *Cody*, 577 F. Supp. 2d at 647. Similarly, in *Pustilnik v. Hynes*, Judge Gleeson held that the § 50-e notice of claim requirements apply to employment discrimination claims against a *county* by the express terms of N.Y. County Law § 52, "a much broader statute than N.Y. Gen. Mun. Law § 50-e." *Pustilnik v. Hynes*, No. 99-CV-4087, 2000 U.S. Dist. LEXIS 8718, at *23 (E.D.N.Y. June 27, 2000).[4] The case relied upon by Judge Reyes on this point, *Drees v. County of Suffolk*, also dealt with employment discrimination claims against a county, and applied the notice of claim requirement of § 50-e as required by New York County law § 52. *Drees v. County of Suffolk*, No. 06-CV-3298, 2007 U.S. Dist. LEXIS 46618, at *43-47 (E.D.N.Y. June 27, 2007).

---

[3] Section 52 of the New York County Law provides that § 50-e notice of claim is required for claims against a county for "damage, injury, or death, or for invasion of personal or property rights *of every name and nature*" (emphasis added).

[4] Examples of this sort of reasoning can be found outside the context of N.Y. County Law § 52, as well. For example, in *Aguilar v. New York Convention Center Operating Corp.*, 174 F. Supp. 2d 49, 54 (S.D.N.Y. 2001), Judge Motley found that like § 52, the "broad language of Section 2570 of the Public Authorities Law" incorporates the requirements of § 50-e and applies them to claims that might otherwise be excluded from the purview of § 50-e because they are not founded in tort.

9

Though neither the New York Court of Appeals nor the Second Circuit has ruled on the issue, the weight of authority within this Circuit holds that § 50-e is limited on its face to claims founded in tort, and therefore cannot apply to employment discrimination claims brought under N.Y. Exec. Law § 296.  *See Pratt v. Indian River Cent. School Dist.*, 803 F. Supp. 2d 135, 146 (S.D.N.Y. 2011) ("As an initial matter, the Court notes that the Notice of Claim requirements set forth in N.Y. Gen. Mun. Law § 50-e and 50-i apply only to tort actions."); *Giacopelli v. Incorporated Village of Malvern*, 829 F. Supp. 2d 131, 146 (E.D.N.Y 2011) ("The court agrees that § 50-i is not applicable here because it does not govern discrimination claims . . . [but is] confined to claims for personal injury, wrongful death, or damage to property.");  *Mosdod Chofetez Chaim, Inc. v. Village of Wesley Hills*, 815 F. Supp. 2d 679, 709 (S.D.N.Y. 2011) (finding that § 50-e and § 50-i apply only to state law tort claims and not to civil rights claims); *Russell v. County of Nassau*, 696 F. Supp. 2d. 213, 244 (E.D.N.Y. 2010) ("New York County Law § 52 is broader than its municipal counterpart in that § 50-e applies only to tort actions."); *Anderson v. Nassau County Dep't of Corrections*, 558 F. Supp. 2d 283, 303 (E.D.N.Y. 2008) ("Because the language of the General Municipal Law is limited to tort claims, courts have held that the notice of claim provision of the General Municipal Law does not apply in employment discrimination brought pursuant to New York Exec. Law § 290 *et seq.*"); *Peterson v. Village of Ocean Beach*, 04-CV-752, 2006 U.S. Dist. LEXIS 5819, at *3 (E.D.N.Y. January 31, 2006) ("An employment discrimination claim under the NYHRL is not a tort. It is therefore exempt from the notice of claim requirement."); *see also Keating v. Gaffney*, 182 F. Supp. 2d 278, 290-291 (E.D.N.Y. 2001); *Aggarwal v. New York City Health & Hosps. Corp.*, 98 Civ. 5063, 2000 U.S. Dist. LEXIS 1367, at *26 (S.D.N.Y. February 10, 2000); *Dortz v. City of New York*, 904 F. Supp. 127, 141 (S.D.N.Y 1995); *Morrison v. New York City Police Dept.*, 625 N.Y.S.2d 174, 174 (App. Div. 1995).  Accordingly, this Court finds that because employment discrimination actions are not founded in tort, they are not subject to the

notice of claim requirement found in § 50-e. Therefore, Anderson's state and city law claims against the City are not barred by his failure to file a notice of claim.

**B. Anderson's NYSHRL and NYCHRL retaliation claims against the City are preserved, but his NYSHRL and NYCHRL discrimination and hostile work environment claims against the City are dismissed.**

The foregoing analysis notwithstanding, all but one of plaintiff's state law claims against the City must be dismissed on the merits. Employment discrimination claims under New York State Human Rights Law are analytically identical to claims brought under Title VII. *See, e.g.*, *Torres v. Pisano*, 116 F. 3d 625, 629 n.1 (2d Cir. 1997). Therefore, just as plaintiff's Title VII discrimination and hostile work environment claims are dismissed, so are his parallel claims under NYSHRL. Summary judgment is GRANTED with respect to plaintiff's discrimination and hostile work environment claims under NYSHRL. Similarly, as plaintiff's Title VII retaliation claim is preserved, so is his retaliation claim under NYSHRL; summary judgment is DENIED with respect to that claim.

Unlike employment discrimination claims brought under state law, New York City Human Rights Law claims must be analyzed independently from their federal counterparts. *Loeffler v. Staten Island University Hosp.*, 582 F. 3d 268, 278 (2d Cir. 2009). Though the analysis for employment discrimination claims under NYCHRL was traditionally coextensive with claims brought under Title VII or NYSHLR, that is no longer the case. *Id*. (noting that the New York City Council, through the Restoration Act, has rejected the equivalence between city antidiscrimination laws and their federal and state counterparts). Claims brought under NYCHLR must now be reviewed independently from and "more liberally" than Title VII or NYSHRL claims. *Id.* (quoting *Williams v. N.Y. Hous. Auth.*, 872 N.Y.S. 2d 27, 31 (App. Div. 2009)). Interpretations of Title VII and New York Executive Law § 296 may be considered, but only as "a floor below which the City's

11

Human Rights Law cannot fall." *Id.* The basic burden-shifting structure of *McDonnell Douglas Corp. v. Green* continues to apply to discrimination and retaliation claims under NYCHRL, but within that framework, courts must consider the statute's "uniquely broad and remedial purposes, which go beyond those of counterpoint state or federal civil rights laws." *See Williams v. Regus Management Group, LLC.*, 836 F. Supp. 2d 159, 171 (S.D.N.Y. 2011).

Plaintiff's retaliation claim against the City, which survives under Title VII, necessarily survives under the more liberal standard of NYCHRL as well. As discussed at length in the R&R and as noted in Part I.B of this Order, plaintiff has made out a prima facie case of retaliation under the *McDonnell-Douglas* burden-shifting framework and has presented enough evidence to suggest that defendants' offered reasons for his transfer are pretextual. (R&R at 13–17). As summary judgment on the retaliation claim is denied under the more restrictive Title VII standard, it is unnecessary to review the claim independently under the NYCHRL standard. Summary judgment as to plaintiff's retaliation claim against the City under NYCHRL is DENIED.

Summary judgment as to plaintiff's discrimination and hostile work environment claims against the City under NYCHRL, however, is GRANTED. Discrimination claims are evaluated under the same basic burden-shifting framework as Title VII. *See, e.g. Harper v. New York City Housing Authority*, 673 F. Supp. 2d 174, 180 (S.D.N.Y 2009). As to the first and second prongs, Anderson's membership in a protected class and qualification for his position are not in dispute. (R&R at 10-11.) As to the third prong, Anderson's August 2005 involuntary transfer constitutes an adverse employment action under both Title VII and NYCHRL. (R&R at 11.) However, even under the more liberal NYCHRL standard, Anderson has failed to make out the fourth prong of his prima facie case by showing that his transfer occurred under circumstances that give rise to an inference of discrimination.

Under NYCHRL, a plaintiff satisfies the fourth prong of a prima facie case of discrimination merely by showing that "a member of a protected class was treated differently than a worker who was not a member of that protected class." *Williams v. Regus Mgmt. Group, LLC*, 836 F. Supp. 2d 159, 173 (S.D.N.Y. 2011). In addition, under NYCHRL, courts may consider time-barred incidents under a continuing violation theory even in the context of discrimination claims, though under federal law that theory applies only to hostile work environment claims. *See Williams v. New York City Housing Authority*, 872 N.Y.S. 2d 27, 10 (App. Div. 2009) (noting that in contrast to federal law, the "uniquely remedial" purposes of NYCHRL support a rule "that neither penalizes workers who hesitate to bring an action . . . nor rewards covered entities that discriminate by insulating them from challenges to their unlawful conduct that continues into the limitations period"). Despite these liberal rules of construction, plaintiff has failed to make out the fourth prong of his prima facie case for discrimination. As discussed in detail in Judge Reyes' R&R in the context of plaintiff's Title VII discrimination claim, Anderson has not provided any evidence that he was treated differently from other, similarly situated police officers. (R&R at 11.) Though Anderson asserts that white officers were not transferred out of the ESU, neither his own affidavit nor Eric Josey's affidavit names even one white officer who was treated differently from African-American officers. Even under the liberal NYCHRL analysis, Anderson cannot make out a prima facie claim of employment discrimination under the theory of disparate treatment he offers. Therefore, summary judgment is GRANTED as to plaintiff's NYCHRL discrimination claim.

Summary judgment must also be GRANTED for defendants with respect to plaintiff's NYCHRL hostile work environment claim against the City. Hostile work environment claims under NYCHRL do not require a plaintiff to establish that the allegedly discriminatory conduct towards him is "severe and pervasive," but merely that the behavior complained of amounted to more than "petty slights and trivial inconveniences." *Adams v. City of New York*, 837 F. Supp. 2d

13

108, 128 (E.D.N.Y. 2011). District courts applying NYCHRL in hostile work environment cases "have granted summary judgment for defendants when 'the incidents alleged amount[ed] to only sporadic insensitive comments.'" *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 09. Civ. 1251, 2011 U.S. Dist. LEXIS 84790, at *27 (S.D.N.Y. July 28, 2011) (quoting *Fullwood v. Assoc. for the Help of Retarded Children, Inc.*, 08 Civ. 6739(DAB), 2010 U.S. Dist. LEXIS 107713, at *24 (S.D.N.Y. Dec. 8, 2010)). Discrimination claims brought under NYCHRL are subject to a three year statute of limitations, which starts to run from the date of any allegedly discriminatory act. N.Y. City Admin. Code 8-502(d); *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 269 (E.D.N.Y. 2009). Therefore, all incidents that Anderson alleges except for his August 2005 transfer are time-barred unless saved by the continuing violation doctrine.

Here, there is no evidence that the time-barred discriminatory incidents Anderson alleges are sufficiently related to his August, 2005 transfer to invoke the continuing violation doctrine, even under the lenient standard of NYCHRL. This Court in no way minimizes the reprehensibility of the racially discriminatory incidents alleged by the plaintiff. However, those incidents occurred at different trucks, over the course of six years, and were perpetrated by different employees. As such, they are not linked to the sole timely event Anderson alleges and therefore cannot be resuscitated by the continuing violation doctrine. *See Little*, 210 F. Supp. 2d at 368; *Fleming*, 644 F. Supp. 2d at 269. Accordingly, summary judgment as to Anderson's NYCHRL hostile work environment claim against the city is GRANTED.

**C. Anderson's NYSHRL and NYCHRL retaliation claims against defendant Dean in his individual capacity are preserved.**

Defendants argue that the notice of claim requirement under New York General Municipal Law § 50-e applies to suits against individual as well as municipal defendants. (Defs.' Obj. at 2–4.) Therefore, they contend, Anderson's retaliation claims against Dean under NYSHRL and NYCHRL

14

must be dismissed for failure to file notice of claim. (Defs.' Obj. at 4.) This objection relies on an incorrect reading of applicable law. As explained in detail above, §50-e notice of claim requirements do not apply to employment discrimination claims. Even if they did, however, the plain language of the statute expressly provides that a notice of claim "shall not be a condition precedent to the commencement of an action" against an employee of a public corporation, unless the action "is commenced against such person, *but not against the public corporation*" and the corporation has a statutory obligation to indemnify the employee. New York Gen. Mun. Law § 50-e(1)(b) (emphasis added). In other words, a notice of claim is only required when the employee, *but not the employer* who is statutorily obligated to indemnify him, is being sued. Here, plaintiff brought his claims against both the City and Dean in a single lawsuit. Therefore, even if the notice of claim requirement applied to employment discrimination claims, it would not apply here.

Like Anderson's retaliation claim under § 1983, analysis of Anderson's retaliation claim under NYSHRL proceeds under a structure parallel to that of Anderson's Title VII retaliation claim. *See Torres v. Pisano*, 116 F. 3d 625, 629 n.1 (2d Cir. 1997) (noting that claims brought under NYSHRL are analytically identical to claims brought under Title VII). Plaintiff's NYSHRL retaliation claim is based on the same set of events underlying his Title VII claim. Therefore, it is sufficient to observe that defendants' objections to Judge Reyes' recommendation that NYSHRL retaliation claim against Dean be preserved are as unavailing here as they were in the Title VII context. Because plaintiff has made out a prima facie case of retaliation and has alleged sufficient facts for a reasonable jury to infer that defendant's non-discriminatory explanations are pretextual, this Court DENIES summary judgment with respect to Anderson's NYSHRL retaliation claim against Dean.

Retaliation claims under NYCHRL are even easier to make out than retaliation claims under NYSHRL. *See Bermudez v. City of New York*, 783 F. Supp. 2d 560, 577 (S.D.N.Y. 2011). Because

15

Anderson alleged sufficient facts to survive summary judgment on his NYSHRL retaliation claims against Dean, these factual allegations also suffice to raise a genuine issue of material fact under the more liberal requirements of NYCHRL.  Summary judgment is therefore DENIED with respect to Anderson's retaliation claim against Dean.

**D. Anderson's NYSHRL and NYCHRL claims against individual defendants O'Keefe, White, and Diamond are dismissed.**

Anderson objects to Judge Reyes' recommendation that this Court dismiss his NYSHRL and NYCHRL claims against individual defendants O'Keefe, White, and Diamond.  This objection was too vague and unsupported by legal authority to warrant *de novo* review. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (waiving plaintiff's objection on the grounds that it was "devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority").  Therefore, this Court reviews Judge Reyes' dismissal of these claims only for clear error, and having found none, dismisses plaintiff's state and city law claims against individual defendants O'Keefe, White, and Diamond.

## CONCLUSION

Based upon a review of Judge Reyes's thorough and well-reasoned R&R, the factual and procedural record upon which is based, and both parties' objections, the R&R is adopted in part and rejected in part.  Accordingly, summary judgment for defendant City is GRANTED with respect to the following claims: plaintiff's discrimination and hostile work environment claims against the City under Title VII;  plaintiff's discrimination, hostile work environment, and retaliation claims against the City pursuant to § 1983; plaintiff's state and city law discrimination and hostile work environment claims against the City under NYSHRL and NYCHRL, respectively; and all of plaintiff's claims against individual defendants O'Keefe, White, and Diamond.  Summary judgment is DENIED with respect to the following claims: plaintiff's retaliation claim against the City under

Title VII; plaintiff's state and city law retaliation claims against the City under NYSHRL and NYCHRL, respectively; and plaintiff's state and city law retaliation claims against Dean under NYSHRL and NYCHRL, respectively.

SO ORDERED.

Dated: Brooklyn, New York
       December 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge